IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ZUFFA, LLC,                           )
                                      )
                    Plaintiff,        )
                                      )
vs.                                   )    Case No. 11-cv-0491-MJR-SCW
                                      )
ASHWIN PATEL,                         )
MITA PATEL, and                       )
HEARTLAND LIQUORS, INC.,              )
                                      )
                    Defendants.       )

## ORDER ON THRESHOLD REVIEW

REAGAN, District Judge:

This case comes before the undersigned Judge for threshold jurisdictional review, the initial task in every newly-filed or newly-removed case. **See Johnson v. Wattenbarger, 361 F.3d 991, 992 (7th Cir. 2004)("All too often both litigants and judges disregard their first duty in every suit:  to determine the existence of subject-matter jurisdiction.").**  Zuffa, LLC filed suit in this Court on June 10, 2011 against three Defendants -- two individuals (Ashwin Patel and Mita Patel) plus a business entity (Heartland Liquors, Inc., doing business as "Heartland Liquors" and also known as "Heartland Liquors and Sports Bar").   The complaint's jurisdictional allegations leave room for improvement.

The Court is not told whether Defendant Heartland is a corporation, a partnership, or a sole proprietorship. Indeed, the complaint alleges in sequential paragraphs (¶¶ 13-15) "upon information and belief," that Heartland is all three.[1]

---

[1]     Subject matter jurisdiction does not rest on diversity of citizenship, so the Court need not cross this bridge, but Plaintiff's counsel is advised that a question exists as to whether jurisdictional allegations based on "information and belief" (as opposed to

1

The complaint further states that Heartland's "principal place of business" is 800 One Mile Road, Thomson, Illinois (which lies within the Northern District of Illinois) and that Defendants unlawfully intercepted a satellite signal for an Ultimate Fighting Championship broadcast on December 11, 2010 and exhibited it "at the above address" (Doc. 2, p. 5). This indicates the sports bar or establishment in which the broadcast was shown is located in the Northern District of Illinois, directly contradicting other information filed by Plaintiff indicating that this occurred at 1802 Bittle Place in Marion, Illinois, within the Southern District of Illinois (Doc. 13-1, p. 3).

More troublingly, Plaintiff (an LLC) pleads its own jurisdictional information as if it were a corporation, identifying *its principal place of business* in Las Vegas, Nevada instead of supplying the citizenship of each member of the LLC, the relevant and necessary inquiry in this Circuit for jurisdictional purposes. **See, e.g., Thomas v. Guardsmark, LLC,** 487 F.3d 531, 534 (7th Cir. 2007), **Camico Mut. Ins. Co. v. Citizens Bank**, 474 F.3d 989, 992 (7th Cir. 2007).

Despite the multiple references to principal places of business, the complaint alleges violations of federal copyright law, so subject matter jurisdiction is invoked under 28 U.S.C. 1331 and 1338(a), and the elements of *diversity* jurisdiction need not be satisfied. However, the Court needs to know the proper identity of each party, including each member of the Plaintiff LLC (Zuffa), to assess any potential conflicts of interest. For this reason, the Court (in this Order, below) directs Plaintiff's counsel to promptly supply that information.

---

personal knowledge) suffice. **See, e.g., America's Best Inns, Inc. v. Best Inns of Abilene, L.P.,** 980 F.2d 1072, 1074 (7th Cir. 1992); **Lyerla v. AMCO Ins. Co.,** 462 F.Supp.2d 931 (S.D. Ill. 2006).

All three Defendants were served on July 1, 2011 (see Docs. 6-8). None of them responded to the complaint within the time permitted by Federal Rule of Civil Procedure 12. Plaintiff secured a clerk's entry of default under Rule 55(a) as to all three Defendants on August 18, 2011. Now Plaintiff moves under Rule 55(b) for default judgment against the Defendants jointly and severally.

The pleadings reflect some confusion as to the specific *amount* of the requested judgment. Several supporting documents indicate that the requested amount (per each Defendant) is $32,618.75, but Plaintiff's motion itself (Doc. 13) repeatedly requests judgment (per each Defendant) in the amount of $32,190.25. In contravention of this Court's CM/ECF User's Manual, Section 2.10 "Submitting a Proposed Document," counsel attached to the default judgment motion a proposed order of default judgment (Exhibit 8 to Doc. 13). This is a common mistake, and rather than strike it, the Court simply DIRECTS Plaintiff's counsel to properly submit the proposed Order of Default Judgment to the undersigned Judge in accord with Section 2.10 of the User's Manual (using the proper email address – MJRpd@ilsd.uscourts.gov).

The certificate of service attached to the motion indicates that Plaintiff served the motion and all supporting exhibits/affidavits on the three Defendants at Marion, Illinois addresses (see Doc. 13-9, pp. 1-2). The Court hereby **SETS A DEADLINE FOR DEFENDANTS TO FILE ANY RESPONSE OR OBJECTION TO THE DEFAULT JUDGMENT MOTION** (Doc. 13) -- **September 23, 2011**.

The Court also imposes a **September 15, 2011 deadline** for Plaintiff's counsel to: (a) file a "Memorandum in Response to Court Order" which furnishes the identity and citizenship of each member of Zuffa LLC, so that the undersigned Judge

can ascertain that he has no conflict of interest as to this lawsuit, and (b) file a "Proof of Service" attesting that Plaintiff's counsel furnished a copy of this Order (setting the September 23rd response deadline) to each of the three named Defendants (including the address at which and means by which each Defendant was served with this Order).

IT IS SO ORDERED.

DATED August 29, 2011.

s/ *Michael J. Reagan*
Michael J. Reagan
United States District Judge